Saul Alfredo **GONZALEZ–CARRILLO;** Diana Marron Gamez, Petitioners,

v.

Alberto R. **GONZALES,** Attorney General, Respondent.

No. 06–70566.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007.*

Filed June 15, 2007.

Vikram K. Badrinath, Esq., Vikram Badrinath, PC, Tucson, AZ, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Counsel, Office of the District Chief Counsel, U.S. Department of Homeland Security, Phoenix, AZ, Erica B. Miles, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

MEMORANDUM **

Saul Alfredo Gonzalez–Carrillo and Diana Marron Gamez seek review of an order of the Board of Immigration Appeals upholding an immigration judge's order denying their application for cancellation of removal. We dismiss the petition for review.

We lack jurisdiction to review the discretionary determination that an applicant has failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero–Torres v. Ashcroft,* 327 F.3d 887, 890 (9th Cir.2003).

Petitioners' contention that the agency violated their due process rights by disregarding their evidence of hardship does not amount to a colorable constitutional claim. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005) ("traditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction"). We are not persuaded otherwise by petitioners' contention regarding the BIA's "boilerplate" decision. *See Abebe v. Gonzales,* 432 F.3d 1037, 1040 (9th Cir.2005) (en banc).

**PETITION FOR REVIEW DISMISSED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.